**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**CHRISTOPHER MCGRAW**                    **CIVIL ACTION NO.:**_____

**VERSUS**

**DEPARTMENT OF THE ARMY,**
**THE HONORABLE CHRISTINE WORMUTH,**
**SECRETARY OF THE ARMY**

**PETITION FOR NONCOMPLIANCE AND FOR REINSTATEMENT OF INITIAL COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes petitioner,

**CHRISTOPHER MCGRAW**, a resident of and domiciled in the Parish of Sabine, State of Louisiana, to wit:

1.

Made defendant herein is the following:

**DEPARTMENT OF THE ARMY, THE HONORABLE CHRISTINE WORMUTH, SECRETARY OF THE ARMY.**

2.

This Honorable Court has jurisdiction to hear and determine this matter under Title VII.

3.

Venue is proper in this Honorable Court since all parties reside in the Western District, Lake Charles Division.

4.

This matter is being pursued under Title VII.

5.

Petitioner filed matter captioned "Christopher McGraw, Sr. v. Christine Wormuth, Secretary, Department of the Army," on the docket of the Equal Employment Opportunity Commission docket, EEOC No. 461-2018-00026X, EEOC Appeal No. 2022002228, Agency No. ARUSAR16NOV04629.

6.

In the matter captioned above, petitioner made the following allegations of discrimination:

1. From March 2000 to November 2016, Complainant did not receive a cash performance award.
2. On November 17, 2016, Complainant was notified he was not selected for the position of Temporary Work Lead, WL-5803-09, Job Announcement Number (JAN) NCDE164905061810065.
3. On November 18, 2017, Complainant was notified he was not selected for the position of Heavy Mobile Equipment Repairer Supervisor, Wage Supervisor (WS)-5803-09, Job Announcement Number NCDE166555151831134.
4. Complainant was told he was more qualified than others who have been promoted.

5. Complainant was told by a former co-worker, that Wendall Autin, Supervisor, made a racial remark about Complainant, "wouldn't promote a black "M…F… anyway".

6. Complainant was held to a different standard than co-workers.

7. On January 18, 2017, Mr. Autin forced Complainant to sign a Memorandum for Record (MFR) when Complainant asked for official time off, to work on his EEO complaint.

8. On January 25, 2017, and days prior, Mr. Autin spoke to Complainant with an arrogant attitude.

9. On May 25, 2017, Mr. Autin questioned Complainant about his time, attendance and leave, despite Complainant having already communicated an answer to Mr. Autin and/or a response to Travis McLaurin, immediate supervisor.

7.

After extension discovery, defendant filed a Motion for Summary Judgment, which is enclosed as Exhibit A.

8.

Petitioner property contested the motion since he felt summary judgment was not proper, as per enclosed Exhibit B.

9.

Since there was a genuine issue of material fact, the motion was denied, as per enclosed Exhibit C, and matter proceeded to trial on the merits, which was set for June 19, 2018.

10.

At the June 19, 2018, trial, after extensive discussion, a negotiated settlement agreement was reached, as per enclosed Exhibit D.

11.

In the negotiated settlement agreement, it was agreed, inter alia, that petitioner would be paid $40,000.00; restored sixty (60) hours of annual leave; and have a "rating chain without Mr. [Wendall] Autin in his rating chain. No access to the rating chain as long as Complainant is employed at ECS 17".

12.

Exhibit D was signed on June 19, 2018 and the agreement was recited into the record.

13.

Since the matter was resolved, petitioner was satisfied with the terms and conditions and ready to move behind the incident, believing his interaction with Mr. Wendall Autin would be extremely limited.

14.

However, on June 27, 2018, while petitioner was in the shop area of ECS 17, Mr. Wendall Autin gave a hand signal and verbal command for petitioner to come to him.

15.

Petitioner acknowledged the command and walked toward Mr. Wendall Autin.

16.

Upon reaching Mr. Wendall Autin, petitioner was directed into his office.

17.

Petitioner went into the office and was offered a seat.

18.

Mr. Wendall Autin walked around the desk and sat in his seat.

19.

Petitioner was a bit perplexed by the situation because the negotiated settlement agreement entered into eight (8) days ago was drafted to limit interaction between the men.

20.

Nonetheless, petitioner kept his composure and anxiously awaited to hear why he was in the office.

21.

Mr. Wendall Autin broke the awkward silence by giving petitioner a verbal Initial Counseling State about the DPMAP Program.

22.

Petitioner did not object to receiving the counsel, but felt the actions of Mr. Wendall Autin not only violated spirit and purpose of the negotiated settlement

agreement, but was done as blatant display of disrespect toward petitioner and the negotiated settlement agreement.

23.

Moreover, Mr. Wendall Autin could not argue he was not aware of the negotiated settlement agreement because he was present when the agreement was executed, having been told the terms and conditions by his counsel.

24.

In correspondence dated September 21, 2021, which is enclosed as Exhibit E, undersigned counsel submitted a complaint to the Director for Equal Employment Opportunity Compliance Review seeking to have the breach investigated and the complaint reinstated for further processing.

25.

In correspondence dated May 31, 2022, which is enclosed as Exhibit F, the complaint was dismissed.

26.

In the May 31, 2022, correspondence, petitioner was given ninety (90) days to file a complaint in the appropriate United States District Court in lieu of an appeal to the Commission.

27.

Accordingly, the instant petition is timely.

28.

Petitioner is seeking to have his complaint reinstated for further processing because he feels the negotiated settlement agreement was purposely violated.

**WHEREFORE**, **PETITIONER**, **CHRISTOPHER MCGRAW**, prays that Defendant, **DEPARTMENT OF THE ARMY, THE HONORABLE CHRISTINE WORMUTH, SECRETARY OF THE ARMY**, be duly served with copies of this petition and cited to answer same and that after all due proceedings had, there be judgment in favor of petitioner, **CHRISTOPHER MCGRAW**, and against defendant, **DEPARTMENT OF THE ARMY, THE HONORABLE CHRISTINE WORMUTH, SECRETARY OF THE ARMY**, having the initial complaint reinstated further processing since the negotiated settlement agreement was intentionally violated by Mr. Wendall Autin, plus court costs.

Respectfully submitted,

**LAW OFFICE OF MALCOLM X. LARVADAIN**

By: s/Malcolm X. Larvadain
  Malcolm X. Larvadain, La. Bar # 26,066
  **ATTORNEY FOR PETITIONER**
  626 Eighth Street
  Alexandria, Louisiana 71301
  TEL. (318) 445-3533
  FAX. (318) 445-4030

Case 2:22-cv-03174-JDC-KK    Document 1    Filed 08/22/22    Page 8 of 8 PageID #: 8